## Union County *versus* James.

1. The salary of a professor in a college is subject to taxation under the Act of 29th April 1844.

2. The defendant is not properly *an officer* of the corporation, but a person in employment; and he in liable to the tax of one per cent. upon his occupation.

ERROR to the Common Pleas of *Union county.*

This was a case stated between The County of Union as plaintiff, and C. S. James as defendant. It was stated that the defendant was a *professor* in the University of Lewisburg, in Union county, wherein he was employed at a salary of $800 per annum.

The University was incorporated by Act of 5th February, 1846, and the questions for decision were, whether, holding such a position, he was liable to taxation for state purposes—and if so, whether he was liable to taxation to the amount of *two* per cent. as the holder of *an office*, or to only *one* per cent., the tax imposed by the Act of 29th April, 1844, on professions or occupations.

In the Court below, on 21st June, 1853, judgment was entered *for the defendant.*

Error was assigned to the judgment.

Extract from the Act "to establish the University at Lewisburg," *Pamph. Laws*, 1846, page 33.

Art. 3, Sec. 4. "A majority of the votes of such quorum or board (of trustees) shall be capable of doing and transacting all the business and concerns of said University, not otherwise provided

[Union County *v*. James.]

for by this Act, and particularly, &c., of electing or appointing the president, professors, tutors, and other teachers of said University; of agreeing with them for their salaries and stipends; of removing them for misconduct, breaches of the ordinances of the institution, or other sufficient causes," &c.

Art. 4, Sec. 1. "The president, professors, tutors, and other teachers, or a majority of them for the time being, shall constitute the faculty of the University, and in their respective departments, shall have the power of enforcing the rules and regulations adopted by the trustees for the government and instruction of the students," &c.

This case arose under the following sections of "An Act to reduce the state debt, &c.," passed the 29th of April, 1844, *Pamph. Laws*, page 486:

Sec. 32. "And whereas, it is necessary that provision be made for the payment of the interest on the state debt, therefore, be it further enacted, that from and after the passage of this Act, all real estate, viz.: &c.—also all personal estate, &c.—also all household furniture, &c.—also all pleasure carriages, both of two and four wheels; SALARIES and EMOLUMENTS of office, ALL OFFICES and POSTS OF PROFIT, PROFESSIONS, trades, and occupations, except the occupation of farmer, together with all other things now taxable by the laws of this Commonwealth, shall be valued and assessed, and subject to taxation for the purposes in this Act mentioned, and for ALL STATE and COUNTY PURPOSES WHATSOEVER."

Sec. 34. "That the county commissioners of each and every county shall be and are hereby required, annually, at the time of making county rates and levies, to assess for the use of the Commonwealth, upon pleasure carriages, &c.; upon watches, &c.; upon all salaries, emoluments of office, created by or held under the constitution or laws of this Commonwealth, or created by or held under any corporation, institution, or company incorporated by this Commonwealth, where such salaries or emoluments exceed $200, a tax of *two* per cent. on every dollar of the value thereof above $200; upon trades, *occupations, and professions, one* per cent. upon every dollar of the value thereof, above $200," &c.

*C. Merrill*, for the County.—It was said that the University was a corporation; and it was contended that the defendant having been appointed by the trustees of the institution as *professor*, his position was an *office*. That in the case of Commonwealth *v*. Cuyler, 5 *W. & Ser*. 275, the decision in favor of the defendant was on the ground that his salary was not received for his services *as a corporator*, but as a spiritual teacher, and was made up by voluntary contributions. This case and the case of Agnew reported with it, were made on the Acts of 1840 and 1841.

[Union County v. James.]

But if the defendant be not liable to a tax of *two* per cent. on his income, as a salary or emolument *of office*, it was submitted whether he was not liable to taxation to the amount of *one* per cent. on his income from an occupation or profession.

*Miller*, contrà.—It was contended that the defendant in the case stated was not an *officer*. That a railroad company was incorporated for pecuniary profit to its stockholders, but that there were no stockholders in the University of Lewisburg. All that was paid by its contributors was given as donations.

It was not intended by the legislature to tax *education*: Commonwealth *v.* Agnew, 5 *W. & Ser.* 278.

The opinion of the Court was delivered, September 27, 1853, by

LOWRIE, J.—Most certainly the Act of 1844 is general enough to include the salary of a professor in a college as a subject of taxation; and we discover nothing in the law and no public policy that entitles us to say that the legislature did not intend to include it. Starting with the principle that all persons ought to contribute to the expenses of government, we should rather presume the contrary. But it is said that the state does not tax the means of education, either secular or religious. True enough, yet it may tax those who make education their business and livelihood. This is certainly as reasonable as taxing the salaries paid by the public itself out of the taxes. The defendant is not however properly an officer of the corporation, but a person in its employment, and his salary ought to be taxed only one per cent. as for an occupation or profession: 5 *W. & Ser.* 275.

Judgment reversed, and judgment for plaintiff for six dollars.